UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AMY DVORAK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BILL BLACKHORSE SOUTH DAKOTA,<br><br>　　　　Defendant. | Civil No. 05-2050 (RHK/AJB)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be

In this case, the substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Unsignificant [sic] Kennedy Family  [ ¶ ] Re: { Robert Redford}  [ ¶ ] Filing because of slate reenvolvement [sic] to the Vietnam War and after-crisis.
>
> I.  Demeanor for Viet Kong [ ¶ ] II.  Deficit [ ¶ ] a. work [ ¶ ] b. monies [ ¶ ] c. Mental implications [ ¶ ] III Tyranny for Freedom (Robert Redford) [ ¶ ] IV asked to fight for U.S.A. under Oliver North. [ ¶ ] a. cleaning and repair [ ¶ ] b. Display [ ¶ ] c. 4. yrs. Federal mail [ ¶ ] d. lengthy Intelligence [ ¶ ] V Suet (provisional)
>
> Relief sought from Court is self sufficiency; SSDI Jpt. [ ¶ ] * Regret physical scarring although I have no mental uncertainties from above  – congruency here."

Plaintiff's complaint is fatally defective because it does not contain any comprehensible factual allegations, and there is no reference to any legal principle or theory that could support any actionable claim.  Plaintiff has not identified the party she is attempting to sue, and she has not explained why she is attempting to sue him.  Furthermore, the complaint does not describe any compensable injury, and it does not describe what (if any) relief Plaintiff is seeking.

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) under some colorable legal theory.  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings

---

granted" (§ 1915(e)(2)(B)(ii)).  With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as Plaintiff has not made "any rational argument in law or fact entitling her] to relief."  <u>Williams v. White</u>, 897 F.2d 942, 944 (8th Cir. 1990).

may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's present complaint does not describe any acts or omissions attributable to Defendant that could cause Defendant to be liable to Plaintiff under any legal theory. It is therefore readily apparent that, even with the benefit of liberal construction, Plaintiff's complaint fails to state a cause of action on which relief can be granted. Because Plaintiff has failed to plead any actionable claim for relief, the Court will recommend that her IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September __7__, 2005

                                                                               s/Arthur J. Boylan  
                                                                               ARTHUR J. BOYLAN  
                                                                               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 21, 2005.